Good morning, Your Honors. My name is Deborah Bookout and I represent Petitioner Appellant Ryan Moore. This appeal addresses whether Mr. Moore is entitled to tolling during the time the state petition was pending. Could you clarify for me, do we need to decide anything in the case other than equitable tolling if you prevail in your equitable tolling argument? I don't think you do. Mr. Moore contends that he is entitled to equitable tolling during the time the state petition was pending despite the Nevada Supreme Court's decision that the petition was untimely filed. And that is because until pace was decided in April of 2005, Mr. Moore's petition would have been properly filed under the AEDPA pursuant to this Court's precedent. Can I just interrupt you on that one? Can you explain your theories that under dictado it would have been properly filed? We would have deemed it to be properly filed. Explain how it meets the criteria in dictado, especially the issue about that the rule in that case contained an exception that required a state court to examine the merits of the petition, whereas the Nevada law in this case only asked for good cause. Well, I think that, I may not understand the question, but I think that what was critical in the Court's decision in Harris v. Carter was that the failure to timely file the petition, regardless of whether the petition was deemed, the reason the petition was deemed untimely in the state court, but the critical factor was that the failure to file the federal petition was not the fault of the petitioner, that the operative fact which caused the petition to become untimely was not in the control of the petitioner. And that would be the decision in Pace. Sorry. Wasn't the – but Pace just said, overruled our decision in dictado. Right. And wasn't it critical in Harris that the petitioner there would have been – his petition would have been deemed timely under dictado? And I'm just asking you to explain why Mr. Moore's petition would have been deemed timely under dictado. Because of the timing. When he filed his petition on August 23, 2002, it was properly filed under dictado until April of 2005. The – I guess if that being the case, then he would no longer have been entitled to rely on this Court's precedent at that time when Pace was decided. But his petition was still timely. So I think as in Harris, Mr. Moore's petition would have been timely but for the Pace decision. I'm just referring to the language – and maybe this will be my last question on this – but there's language in dictado which explains that one of the reasons that exception is applicable is because the statute in that case had exceptions that allowed the state court to look to the merits even if it was untimely. Now I understand the question. Okay. That's the type of procedural bar that was applied in Mr. Moore's case. There are exceptions to the timeliness bar under Nevada Revised Statute 34726, Section 1. Now that does say for good cause, but does that go to the merits or has that statute been interpreted by the Nevada courts as going to the merits? I'm not sure I can answer that question. I know that the Nevada courts required a showing of good cause that would allow it then to review the merits. I don't – I'm not sure I can answer the question, but I would say that the – my understanding is that the procedural bar that was applicable in Mr. Moore's case is similar to the one that was discussed in dictado. Thank you. And again, the critical factor for Harris in determining that equitable tolling may be appropriate during the period an untimely state petition was pending was if the petition was filed before Pace, Harris was that the failure to file the petition timely was not the fault of the petitioner. And that's the case with Mr. Moore. His federal petition would have been timely under existing precedent, and it didn't become time barred until Pace. He had – the failure to timely file the petition was not due to a lack of diligence on his part or negligence or mistake. He had diligently pursued his rights and with enough time to file a timely federal petition, but the Pace decision made it impossible for him to do so. Under the circumstances as the court held in Harris v. Carter, he would be entitled to equitable tolling. Some of our decisions following Harris have remanded to the district court to consider equitable tolling in the first instance. Yes. Do we need to do that here? I think that probably given that one of the decisions to which I referred the court in the 28J letters was Sullivan v. Nevins, which is basically an identical situation to Mr. Moore's, and that's what the court did. And I would suggest that that's probably what this court needs to do. In Sullivan, again, a factually similar case to Mr. Moore's, the court remanded for plenary consideration of the equitable tolling argument in light of the Harris decision. So I would agree that that at the very least is what the court should probably do in Mr. Moore's case. We need to remand rather than just direct that there's equitable. I had asked the court to just direct that equitable tolling was available, but the court chose to remand for plenary consideration in the district court for in light of this. What would the district court consider? What would the answer of the judge be? I'm not sure. I know that in Mr. Sullivan's case he asked for supplemental briefing, and basically the argument was that that was presented at the oral argument in Mr. Moore's case. I'm asking because I'm imagining a district judge wondering what he or she is supposed to do when they get it back before they decide equitable tolling. That was my question when it was remanded. I'm not sure. I don't know. Because the facts relevant to that particular equitable tolling argument are record facts, so there would not be a need for further factual development. There's another twist to the case, if I recollect correctly. In Nevada, as I recall, the Supreme Court amended the judgment, but they ran his year from the original judgment, something like that? Yes, yes. Is that going to matter if Dictato solves your problem? No. I think that the fact of the amended judgment and whether the petition was timely filed within that year or not was just an additional factor weighing in favor of equitable tolling. So if Dictato did not solve your problem or if the district court had to consider more equities, then it might matter. But if Dictato solves your problem, it doesn't? I would agree. Yes. No, the district court said the equitable argument was waived. Is that right? I'm sorry? The district court said the main equitable argument had been waived. Yes. In his denial of the COA, he indicated that that was an issue not raised directly in the district court. And he was in the position to make an equitable judgment. Well, he indicated in the COA that the additional pace overruling prior circuit law argument wasn't made, but also it didn't have merit. So in a sense he the court in the denial of the COA indicated that the additional pace argument, that pace overruled Dictato, wasn't made in the district court, but he also found that it had no merit. So he, in a sense, was given the opportunity to address the merits of that particular claim. There's one more thing that concerns me here. I don't know. I kind of doubt that we reach it, but I'm not sure. At least at a superficial glance, it looked as though there was nothing to this person's petition at all. You mean in terms of the merits? Yes. Well, he has constitutional claims. He has ineffective assistance of counsel and a Sixth Amendment confrontation. What's the constitutional claim? He has an ineffective assistance of counsel claim as well as a Sixth Amendment claim. So should we avoid wasting everyone's time if we think there's no merit to it? And just on a different ground? I guess the court can do what it wants to do. I think there's merit to his constitutional claims that have never been reviewed on the merits, either in state court or in federal court. He's entitled to a stay in court. I said I'm running out of time. Thank you, counsel. May it please the Court and counsel, my name is Robert Wieland. I'm a senior deputy attorney general employed by the Office of the Attorney General of the State of Nevada, and I have the privilege of representing the respondents in this particular matter. With respect to your question, Your Honor, the statute, NRS 34726, does not require the determination of the merits of any claim in the petition before the procedural bar is applied. NRS 34726, the bar is applied. The time is measured. The bar is applied. And then it's after that that the petitioner is given the opportunity to see if he can demonstrate cause and prejudice. Therefore, dictato doesn't apply by its terms. Explain that to me in different words. I'm not getting what you just said. Okay. NRS 34726 requires that a petition shall be dismissed if it's filed beyond a certain time frame, the one year. If that's the case, the shall is mandatory as explained by the Nevada Supreme Court. I believe it is in the Pellegrini case. In any event, what happens is the bar is applied, then the petitioner is given the opportunity to demonstrate cause and prejudice, as required under the second aspect of the statute. But the bar is applied in the first instance. There is no requirement that the court address the merits to see whether or not the bar will be applied. There's an opportunity to demonstrate perhaps if the bar might be excused, but the bar is applied in the first instance. There are several reasons why Harris does not apply. That would seem like the end of it under Pace. But I agree, Your Honor, because I don't see why it helps you in a pre-Pace case. Well, Pace, as far as respondents are concerned, is in undifferentiated circumstances. I recall in Dictato what happened was it was late. We were trying to figure out what properly filed meant in the statute, and decided that it meant the papers were brought to the clerk's office, right-sized paper, the clerk stamps it filed. And then the Supreme Court said some years later in Pace, nope, if the state says it's untimely, it's not properly filed. That's correct. Dictato was decided on March 28, 2001. Pace was decided April 27, 2005. This Court had a doctrine of equitable tolling. This fellow is making his mistake in 2002. Well, I'm trying to approach that, Your Honor, to explain how this doesn't apply. Because Pace says, first of all, it's state law that governs whether or not the petition in state court is timely. The Nevada Supreme Court has expressed in its order dismissing Mr. Moore's petition that his petition is untimely. It applied the Sullivan Rule. Now, the Federal District Court expressed a variety of reasons why it didn't apply, because, first of all, the change in the law basically isn't an exceptional circumstance. It happens all the time. Secondly, there wasn't inapposite case authority in Nevada. It was an open question of law. So he couldn't say he was relying on one circumstance, and then all of a sudden there's this trap. Then there's the circumstance where, continuing circumstance, where the state, the state respondents and the state habeas action. These arguments are all good arguments, but I don't understand how they distinguish Harris. Okay. First of all, if you look at Pace, and this is an oddity in the circumstance with respect to equitable tolling, what you're arguing or what the petitioner is arguing is the same argument that was rejected in Pace. It's a fairness argument. It's just not fair. The law changed, and it's just not fair. That argument was rejected in Pace, and that's why we included in our brief the argument that we don't think, with all due respect to the Court, that there is such an animal as equitable tolling in the first instance because Are you disagreeing with our decision in Harris? I mean, we're bound by our decision in Harris. I understand that. I understand that, Your Honor. On all fours as it appears to be, or is there some way to distinguish it from this case? Well, okay. Respectfully, and I understand the Court's bound by Harris, but we believe that the Ninth Circuit has erred since its inception. Let's assume we erred. I understand that. Let's assume we erred. It just doesn't matter if we erred because we're bound by precedent. I understand that. If Mr. Moore wants to rely on Dictato, he has to have also been aware of R2s, which was decided in November 7, 2000, and R2s expressly reserved the question of whether or not a state time-barred petition would be deemed a properly filed petition under the 28 U.S.C. Section 2244. And in that case, and prior to that time, there was authority in the Fifth Circuit, Smith v. Ward in 2000. In the Third Circuit, Merritt v. Blaine, 2003, Dictato was decided in 2001. These were all cases that were out there at that time that were going in different directions. That's why Pace was decided. Pace was decided to resolve the question reserved by the United States Supreme Court in footnote 2 of R2s. So you have a situation here where rather than taking the most conservative approach, you have a petitioner who is taking the most dangerous approach because there's an open question of law, which could go either way with respect to his situation. He's hoping it's going to go his way, but as it turns out, under Pace, it does not. So he knows throughout this whole circumstance that there's case law out there that runs against him, and yet he is taking the most dangerous approach. The state argued, as I pointed out previously in the state petition, that it was untimely. So at the time that he knew the same arguments, this fellow has an additional equity going for him in that the Nevada Supreme Court decision was kind of surprising, saying your time doesn't run from our amended decision, it runs from the earlier one. Well, I don't believe that was surprising at all, Your Honor, because as the Nevada Supreme Court said very clearly in its decision in Sullivan, the plain language of the statute calls for that result, as does the spirit, if you will, of the state post-conviction procedural bar and the law in Nevada. So for Mr. Moore to come in and say I somehow didn't understand that or that was new to me, all it is was a resolution of an open question of law. Once again, he was maybe perhaps hoping it would go in his favor. But if one applies the same analysis that the federal district court does to the dictato claim, one, as I just said, demonstrates that as a matter of law, he cannot prevail. Therefore, there is no reason for this court to remand back on Harris. We have denied his view. Could you address ñ I have two other questions. Your remaining time is short. If we think you're mistaken and we think Harris does control, is there any point to remanding for the district courts to do anything else about equitable tolling or should we just say it's equitably tolled, proceed on the merits? I'm trying to think what the district court is supposed to do when it gets it back. Well, I guess what the court can do is if you do what is done in Harris and in the Ruiz case, which was submitted by counsel, there would be an evidentiary hearing, at which time I guess you would call the petitioner having the burden of demonstrating. Evidentiary hearing on equitable tolling. Evidentiary hearing, saying. What would he have to prove? That he, in fact, knew and relied on Dictado, that he, in fact, knew and relied on Harris. You'd have to subjectively rely. It's not enough that a reasonable person would face that particular set of authorities. I believe it has to be actual reliance because it is an equitable circumstance. And in Harris, the court wrote. Wow.  I've never read a transcript of a hearing where a petitioner explained what happened in his particular circumstance that made him so late. Does that happen? I believe it does. As a matter of fact, this court ordered such an evidentiary hearing in the unpublished decision provided by counsel, the Ruiz case. And if you look at Harris, the Harris at page 1055, the critical fact here is that Harris relied in good faith on then-Biden circuit president making his tactical decision to delay filing a federal habeas petition. There has to be actual reliance. Oh, I thought it might be a legal fiction. Didn't in Harris we just presume reliance? There was no finding in that. The appellate court just said he relied because that was the law out there. Well, it looked to me like the court made that assumption, much as the United States Supreme Court in Pace and Lawrence made a similar assumption. It's like a colossal waste of time since most petitions, if you ever get to the merits, which we often don't, turn out to be meritless. Well, I would agree with that wholeheartedly, Your Honor. But the thing is, is that timeliness is an issue of first, has to be resolved first before the other issues. There's no point in going through the merits of an allegation if the petition in its entirety is gone on the basis of timeliness.  Thank you, Your Honor. Counsel, you had a little less than a minute left, so if you wish to make rebuttal, you may. I do realize I have less than a minute left, but I did want to address the concern that Judge Ikeda had. I think that the question of whether the time bar was similar to that in Dictato might have been answered in the other unpublished opinion that I submitted in my 28-J letter, which was Brown. In that case, the Court did find, without remanding back to the – it was the same procedural bar, 34-726-1 under Nevada Rise statutes. In that case, the Court did remand and found equitable tolling on the basis of Harris. And I have nothing further unless the Court has questions. Thank you. Thank you, Counsel. Thank you. Moore v. Helling is submitted.
judges: Noonan, Kleinfeld, Ikuta